IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 22-273 |
| | ) |
| JERVERY SHACKELFORD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the court is a motion to produce evidence which the government intends to use under Federal Rules of Evidence 404(b) and 609 (ECF No. 35) filed on behalf of Defendant Eric Shackelford ("Shackelford"). The government filed a response on August 24, 2023 (ECF No. 37), and the motion is ripe for decision.

The government represented it would comply with its obligations under Rules 404(b) and 609 and would provide the requested evidence at least 14 days prior to trial. The government explained that it has previously provided Shackelford with a copy of his criminal history.

The government has a duty to provide "reasonable notice" of this evidence to the defense. Rule of Evidence 404(b)(3) provides:

> In a criminal case the prosecutor must:
>
> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (C) do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).

As recently explained in *United States v. Pollard*, No. CR 20-29, 2023 WL 3569857, at *1 (W.D. Pa. May 19, 2023):

> What constitutes "reasonable notice" depends on "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that, "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial. *United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); *United States v. Buckner*, 2020 U.S. Dist. LEXIS 5485, at *14–15, 2020 WL 211403 (M.D. Pa. Jan. 13, 2020). Thus, to determine when disclosure should occur depends on "the circumstances and complexity of the prosecution." *Johnson*, 218 F. Supp. 3d at 462.

*Id.* at *1.

Shackelford is charged with six counts of possession with intent to distribute drugs (4 counts of fentanyl and 2 counts of fentanyl and heroin). Defense counsel indicated that a pretrial hearing may be necessary to determine the admissibility of the Rule 404(b) evidence, but did not indicate any circumstances or complexity that would require disclosure more than 14 days prior to trial. The court concludes that 14 days notice is reasonable, based on the record before the court and in light of the disclosure of Shackelford's criminal history that has already occurred.

Conclusion

For the reasons set forth above, Shackelford's motion to produce evidence which the government intends to use under Federal Rules of Evidence 404(b) and 609 (ECF No. 35) will be GRANTED as unopposed. The government will be ordered to produce the evidence 14 days in advance of trial, without prejudice to Shackelford's ability to file another motion seeking earlier disclosure.

An appropriate order will be entered.

Dated: September 18, 2023

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge